**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rosa Maria IOANE, Defendant–Appellant.**

**No. 01–50309.**

**D.C. No. CR–00–00746–NM–01.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 25, 2002.

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Rosa Maria Ioane appeals the eighteen-month sentence imposed following her guilty plea conviction for one count of conspiracy, in violation of 18 U.S.C. § 371, and one count of unauthorized access to a protected computer to commit fraud, in violation of 18 U.S.C. § 1030(a). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Ioane contends that the district court erred by using gain as an alternative measure of loss for sentencing purposes under U.S.S.G. § 2F1.1 because her offense conduct caused no loss to the government. This argument fails.

We review the district court's interpretation and application of the Sentencing Guidelines de novo, and its factual findings regarding the calculation of loss for clear error. *United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir.1998).

The district court's finding that the government did suffer some significant loss is not clearly erroneous. *See id.* The district court's use of the conspirators' gain as a means to estimate that loss is approved by U.S.S.G. § 2F1.1, comment. (n.9), and supported by the record. *See United States v. West Coast Aluminum Heat Treating Co.*, 265 F.3d 986, 991–92 (9th Cir.2001) (affirming calculation of loss based on defendant's profits from fraud).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Accordingly, the district court's judgment is **AFFIRMED.**